

FILED
OCT - 6 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NOEL PADILLA, SOCORRO PADILLA, )
LOURDES PADILLA, IRENE SANTIAGO, and )
ERLING JOHNSON, )
)
Plaintiffs, )
)
v. )
)
CITY OF CHICAGO, CHICAGO POLICE )
OFFICERS KEITH HERRERA, Star #17289, )
STEVE DELBOSQUE, Star #15332 )
M. HOPKINS, Star #5545, PAUL ZOGG, )
Star #9345, OFFICER MARKIEWICZ Star #17092,)
and UNKNOWN CHICAGO POLICE OFFICERS, )
)
Defendants. )

06CV5462
JUDGE SHADUR
MAG. JUDGE MASON

JURY DEMANDED

## COMPLAINT

NOW COMES the plaintiffs, NOEL PADILLA, SOCORRO PADILLA, LOURDES PADILLA, IRENE SANTIAGO, and ERLING JOHNSON, through their attorneys, A LAW OFFICE OF CHRISTOPHER R. SMITH, Jared S. Kosoglad and Christopher R. Smith, and for their Complaint against defendants CITY OF CHICAGO, CHICAGO POLICE OFFICERS KEITH HERERA, Star #17289, STEVE DELBOSQUE, Star #15332, M. HOPKINS, Star #5545, PAUL ZOGG, Star #9345, and OFFICER MARKIEWICZ, Star #17092, and UNKNOWN CHICAGO POLICE OFFICERS, state as follows:

### INTRODUCTION

1. This is a civil action seeking damages for depriving plaintiffs, while acting under color

1

of law as Chicago Police Officials and City Officials, of rights secured by the Constitution and laws of the United States, and for related State-law claims.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, and § 1985; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a). Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising out of state law.

## PARTIES

3. Plaintiffs are citizens of the United States who currently reside in Chicago, Illinois.

4. Defendants Chicago Police Officers Keith Herrera, Star #17289, Steve Delbosque, Star #15332, M. Hopkins, Star #5545, Paul Zogg, Star #9345, and Officer Markiewicz, Star #17092, and Unknown Chicago Police Officers, collectively the "Officer Defendants," were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of all other defendants. At all times relevant hereto, all defendants were acting under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois and the City of Chicago, and within the scope of their employment with defendant institutions.

## FACTS

6. On October 15, 2005, Noel Padilla entered onto the property of his friend Raymond Alvarado on Keeler Avenue, Chicago, IL. Officers called out to Noel, "Hey you! Come here!" An officer entered the gate and asked Noel for identification.

7. Noel reached out to hand the officer his identification. The officer grasped Noel's wrist and pulled him down several stairs. The officer secured Noel into handcuffs and placed him in the rear of an unmarked squad car.

8. Officers entered Raymond's house and searched for approximately one-half hour.

9. Officers drove Noel into an alley, and Officer Herrera demanded that Noel supply the officers with drugs or guns. Officer Herrera showed Noel a gun and claimed they found the gun in Raymond's house. Noel could not comply with the officers' demands, and officers proceeded to the address provided by Noel, on N. Francisco, Chicago, IL.

10. The officers arrived at the address on N. Francisco, Chicago, IL, the home of Erling Johnson, Irene Santiago, and Noel Padilla. Officers asked Irene if they could come inside and look around for Padilla's things. Irene asked the officers for some paperwork that would permit entry, and the officers retorted that her refusal to consent to the search would indicate she had something to hide. Irene attempted to show officers Noel's belongings, but the officers began searching around the entire residence.

11. Officer Herrera turned on the bedroom light, and Irene remarked that her son was sleeping. Officers looked around some more and left.

12. Noel asked the officers if they would let him go because they could not find

3

anything. Officers ignored Noel. Officers proceeded to Noel's mother's home on West 35th Street. Once there, Noel directed the officers to Dan Nelson's apartment instead of his mother's apartment. Dan Nelson directed the officers to the proper address; officers followed Dan Nelson's directions to the home of Socorro Padilla and Lourdes Padilla.

13. Officers told Socorro that Noel had violated his probation and needed to see evidence that Noel lived there. Socorro told the officers that Noel did not live there. Officers explained that they needed to see any clothes of Noel's. Socorro attempted to show the officers Noel's clothing, since the officers led her to believe that she would help her son.

14. Once inside, officers began to search the whole apartment. Officers searched many private areas of Socorro's home. Lourdes Padilla requested that the officers cease searching her bedroom. Officers found nothing and left.

15. Officers transported Noel to the police station at Grand and Central, Chicago, IL, asking Noel who is going to "take the weight" for this, Raymond or himself. Noel stopped answering the officers' questions.

16. Officers charged Noel with delivery of a controlled substance, in violation of Chapter 720 Act 570 Section 401 (a)(2)(b).

17. Noel entered custody on October 15, 2005 and remained at Cook County Jail until July 17, 2006, on which date Noel was given an I-bond. Noel missed the first year of his son's life.

18. On September 15, 2006, the state dismissed the charges against Noel Padilla by nolle prosequi, indicative of the innocence of Noel Padilla.

4

19. The Officer Defendants and Unknown Chicago Police Officers conspired and agreed amongst themselves to falsely charge Noel Padilla with crimes the officers knew he did not commit and to search the private residence of Socorro Padilla, Lourdes Padilla, Erling Johnson, Irene Santiago, and Noel Padilla in knowing violation of the plaintiffs' civil rights. In furtherance of this conspiracy, defendant officers filled out and filed false and incomplete police reports relative to the arrest and searches.

20. As a direct and proximate result of the malicious actions of the coconspirators, plaintiffs were injured, including the loss of their freedom, damage to their reputation, damage to their property, humiliation, pain, suffering, the deprivation of their constitutional rights and their dignity, lost time, wages, attorney's fees, and extreme emotional distress. As a direct and proximate result of the false arrests, illegal searches, and other egregious conduct inflicted by defendant officers, Noel Padilla suffered severe and permanent injuries, acute pain and suffering, panic attacks, anxiety attacks, a loss of a relationship with his child, and a loss of a normal life.

### Count I

### 42 U.S.C. Section 1985 Conspiracy Claim

1-20. Plaintiffs reallege paragraphs 1 through 20 above, as if fully set forth here.

21. Defendants, acting together and under color of law, reached an understanding and agreement, engaged in a course of conduct and otherwise conspired among and between themselves to deprive Noel Padilla, Socorro Padilla, Lourdes Padilla, Irene Santiago, and Erling Johnson of their Constitutional rights, including the 4th Amendment right to be free from unreasonable search, arrest, detention, and to be free of the use of unreasonable and excessive

force, and the 14th Amendment right to the equal protection of the laws, in violation of Plaintiffs' constitutional rights and 42 U.S.C. 1985.

22. Said conspiracy or conspiracies and overt acts commenced on October 15, 2005 and continued through the date of this filing, and caused said violations and said injuries, pain and suffering, mental anguish, loss of freedom, and permanent injury, as more fully set forth above.

WHEREFORE, pursuant to 42 U.S.C. Section 1985, Noel Padilla, Socorro Padilla, Lourdes Padilla, Irene Santiago, and Erling Johnson demand judgment against the individual defendants, jointly and severally, for compensatory damages against defendants officers in an amount in excess of FOUR MILLION DOLLARS ($4,000,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FOUR MILLION ($4,000,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count II

### 42 U.S.C. Section 1983 – False Imprisonment

1-20. Plaintiffs reallege paragraphs 1 through 20 above, as if fully set forth here.

21. The actions of the Officer Defendants, described above, whereby defendants knowingly arrested and imprisoned Noel Padilla without probable cause or any other justification, constituted deliberate indifference to plaintiffs' rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

22. As a direct and proximate result of these Constitutional violations, Noel Padilla

6

was caused to suffer great pain, anguish, despair, and other permanent and temporary mental suffering.

WHEREFORE, Noel Padilla demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FOUR MILLION DOLLARS ($4,000,000.00) and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of FOUR MILLION DOLLARS ($4,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## Count III

### 42 U.S.C. Section 1983 — Excessive Force

1-20.  Plaintiffs reallege paragraphs 1 through 20 above, as if fully set forth here.

21.  The actions of the Officer Defendants, and Unknown Chicago Police Officers, constituted unreasonable, unjustifiable, and excessive force against Noel Padilla, thus violating his rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

22.  As a proximate result of the above-detailed actions of defendants, Noel Padilla was injured, including his severe and permanent pain, mental suffering, anguish and humiliation, panic and anxiety attacks, and fear.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Noel Padilla demands judgment against the individual defendants, jointly and severally, for compensatory damages against the Officer Defendants in an amount in excess of FOUR MILLION DOLLARS ($4,000,000.00), and

because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FOUR MILLION DOLLARS ($4,000,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count IV

### 42 U.S.C. Section 1983 Fourth Amendment Violations — Illegal Search and Seizures

1-20. Plaintiffs reallege paragraphs 1 through 20 above, as if fully set forth here.

21. The searches and seizures of Noel Padilla, Socorro Padilla, Lourdes Padilla, Irene Santiago, and Erling Johnson's persons, homes, and property as detailed above, performed willfully and wantonly by the defendants, individually and in conspiracy with each other, were in violation of Noel Padilla, Socorro Padilla, Lourdes Padilla, Irene Santiago, and Erling Johnson's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. Section 1983.

22. As a proximate result of the above-detailed actions of defendants, plaintiffs were injured, including the deprivation of their liberty and the taking of their property. In addition, the violations proximately caused the plaintiffs great mental anguish and humiliation, exposed them to public scandal and disgrace, caused damage to their property, and caused them to incur various expenses, all to their damage.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiffs demand judgment against the Officer Defendants, and other unknown Chicago Police Officers, jointly and severally, for compensatory damages against defendants officers in an amount in excess of FOUR MILLION DOLLARS ($4,000,000.00), and because these defendants acted maliciously, wantonly, or

oppressively, punitive damages in an amount in excess of FOUR MILLION DOLLARS ($5,000,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count V

### 42 U.S.C. Section 1983 - *Monell* Claim Against City of Chicago

1-20. Plaintiffs reallege paragraphs 1 through 20 above, as if fully set forth here.

21. The constitutional violations detailed above were caused in part by the customs, policies, and practices of the defendants, as promulgated, enforced, and disseminated by the City of Chicago, the Mayor of Chicago, the City Council, members of the City Council, the aldermen, the Chicago Police Department, the Chicago Police Board, members of the Chicago Police Board, the Office of Professional Standards, and Superintendent Cline, whereby those charged with ensuring compliance with the Constitution of the United States, in this case and many other cases, instead deliberately, willfully, and wantonly encouraged the infliction of physical and psychological intimidation onto the citizens of the City of Chicago in violation of the United States Constitution.

22. The customs, policies, and practices that caused the constitutional violations herein alleged include:

(a) excessive force by Chicago Police Officers;

(b) the denial of substantive due process, abuse of legal process, malicious prosecution, and filing of false charges against innocent persons by Chicago Police Officers;

(c) mental abuse, oral abuse, and oral assaults by Chicago Police Officers;

9

(d) the filing of false and incomplete police reports to hide criminal and unconstitutional conduct by officers;

(e) the filing of false charges and the pursuit of baseless prosecutions in order to protect police officers from claims of improper conduct and to avoid liability;

(f) a code of silence whereby officers refuse to report the unconstitutional and criminal misconduct of other officers, including the unconstitutional and criminal conduct alleged in this Complaint;

(g) a code of silence whereby officers remain silent or give false and misleading information during official investigations to cover up unconstitutional and criminal misconduct, to protect themselves, and to protect other officers;

(h) the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in regards to unconstitutional and criminal misconduct;

(i) the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in order to prevent unconstitutional and criminal misconduct by police officers

(j) the failure to adequately investigate and substantiate allegations of unconstitutional and criminal misconduct by police officers;

(k) the failure to adequately discipline police officers that engage in unconstitutional and criminal misconduct;

(l) the encouragement and propogation of the misconduct complained of in subparagraphs (a)-(k) by stamping official approval on officers' unconstitutional and criminal

      misconduct through the Office of Professional Standards;

(m) the approval, support, and encouragement of unconstitutional and criminal misconduct by police officers to avoid financial loss;

(n) and the failure to deter police officers from engaging in unconstitutional and criminal misconduct through deficient, defective, and ineffectual investigatory and disciplinary procedures, as promulgated by the Office of Professional Standards.

23. The policies, practices, and customs herein complained of are so prevalent and widespread within the Chicago Police Department as to put City of Chicago policy makers on actual and implied notice that such policies existed in full force and effect.

24. City of Chicago policy makers acted willfully, wantonly, and deliberately indifferent towards the constitutional rights of plaintiffs by accepting, monitoring, maintaining, protecting, and encouraging the unconstitutional policies, practices, and customs listed in paragraph 22 of this Complaint.

25. By acting willfully, wantonly, and deliberately indifferent towards the constitutional rights of plaintiffs, City of Chicago policy makers approved, encouraged, and caused the constitutional violations alleged in this Complaint.

26. As a proximate result of the above-detailed actions of the defendants and City of Chicago policy makers, plaintiffs were injured, including injuries resultant from the above detailed constitutional violations, pain, suffering, anguish, embarrassment, emotional injuries, mental injuries, psychological injuries, and physical injuries. In addition, the violations proximately caused the plaintiffs great humiliation, exposed them to public scandal and disgrace,

and caused them to incur various expenses, all to their damage.

WHERFORE, plaintiffs demand judgment against the defendants for compensatory damages in an amount in excess of FOUR MILLION ($4,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## Count VI

### 745 ILCS 10/9-102

1-20. Plaintiffs reallege paragraphs 1 through 20 above, as if fully set forth here.

21. Defendant City of Chicago is the employer of all police officer defendants.

22. The Officer Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should any of the individual officers be found liable on one or more of the claims set forth above, Plaintiffs demand that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiffs obtain against said defendants, as well as attorneys fees and costs awarded.

## Count VII

### Malicious Prosecution — State Claim Against City and Officers

1-20. Plaintiffs reallege paragraphs 1 through 20 above, as if fully set forth here.

21. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute plaintiff Noel Padilla on false charges for which they knew there was no probable cause.

22. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

23. As a direct and proximate result of the malicious prosecution, Noel Padilla was damaged, including the value of his lost liberty, attorneys' fees, lost work, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, anguish, the loss of a relationship with his child, and the loss of a normal life.

WHEREFORE, Noel Padilla demands judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FOUR MILLION DOLLARS ($5,000,000.00), and further demand judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of FOUR MILLION ($4,000,000.00), and further demand attorney's fees and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

## Count VIII

### Intentional Infliction of Emotional Distress Against City and Officers

1-20. Plaintiffs reallege paragraphs 1 through 20 above, as if fully set forth here.

21. The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

22. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on plaintiffs or with knowledge of the high probability that the conduct would cause such distress.

13

23. As a direct and proximate result of this conduct, plaintiffs did in fact suffer severe emotional distress, resulting in injury to their minds, bodies, and nervous systems, including loss of sleep, mental anguish, nightmares, anxiety attacks, stress disorders, phobias, and flashbacks.

24. As of the filing of this Complaint, plaintiffs continue to suffer from the above described injuries caused by the extreme and outrageous conduct of the defendants.

25. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, Plaintiffs demand judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FOUR MILLION DOLLARS ($4,000,000.00), and further demand judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of FOUR MILLION DOLLARS ($4,000,000.00), and further demand attorney's fees and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

Respectfully submitted,

NOEL PADILLA, SOCORRO PADILLA, LOURDES PADILLA, IRENE SANTIAGO, and ERLING JOHNSON

By: _____
One of their attorneys

PLAINTIFF DEMANDS TRIAL BY JURY.

Jared S. Kosoglad
Christopher R. Smith
A Law Office of Christopher R. Smith
119 North Peoria, Suite 3A
Chicago, Illinois 60607
312-432-0400