```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

NOEL PADILLA, et al.,            )
                                 )
            Plaintiffs,          )
                                 )
     v.                          )   No.  06 C 5462
                                 )
CITY OF CHICAGO, et al.,         )
                                 )
            Defendants.          )

MEMORANDUM

During yesterday's hearing this Court ruled--in heavy reliance on the July 20, 2009 opinion issued by the Illinois Appellate Court for the Fourth District in Gekas v. Williamson, 2009 WL 2185509--that the CRs at issue in this case may be released publicly, except for those involving the Chicago police officers now under indictment.[1] At the conclusion of the hearing one attorney for the City asserted that an earlier decision by the Illinois Appellate Court for the Third District was in conflict with Gekas, so that this Court's application of the state law concept of an officer's right of personal privacy was not controlled by Gekas.

After the hearing City's counsel apprised this Court's chambers that the case to which he had referred was Copley Press, Inc. v. Bd. of Educ. for Peoria Sch. Dist. No. 150, 359

---

[1] It has been universally agreed among the parties that appropriate redactions are to be made in the documents that are to be released, protecting against disclosure certain information that clearly implicates personal privacy issues--an obvious example is an officer's home address.

Ill.App.3d 321, 834 N.E.2d 558 (3d Dist. 2005). This Court has reviewed Copley Press, and in candor it finds that any contention that those two Appellate Court decisions are at odds with each other does not pass what this Court's former colleague, then Judge Susan Getzendanner, used to refer to as the "straight-face test."

One need only read the Copley Press opinion to recognize and to understand immediately the patently different factual matrices and legal issues posed by the two cases. Copley Press related to purely internal documents--performance evaluations of a school superintendent--that fit squarely within one of the statutory exemptions to public disclosure defined by the Illinois General Assembly. And as the court there emphasized, that statute had to be construed in conjunction with the Illinois Open Meetings Act, which expressly "permits public bodies to hold closed meetings to determine, among other things, '[t]he appointment, employment, compensation, discipline, performance, or dismissal of specific employees of the public body.' 5 ILCS 120/2(c)(1)." (359 Ill.App.3d at 325, 834 N.E.2d at 562). As the court then went on to explain (id.):

> Thus, under the Open Meetings Act, the Board could properly meet in closed session to consider Royster's performance, discipline and dismissal, exactly the information contained in the requested documents. The effect of the trial court's holding would be to nullify this exception to the Open Meetings Act once the content of the closed meeting is reduced to writing. Our determination that the documents are exempt from disclosure under the FOIA construes the two statutes

2

consistently and harmoniously.

Nothing of the sort is involved here. Instead the totally different scenario presented by this case matches squarely that posed by <u>Gekas</u>, so that the <u>Gekas</u>-stated public considerations and public policy that inform the Illinois disclosure statute apply here with equal force.

Lest it be argued that what has just been said is somehow a distinction without a difference, the <u>Gekas</u> court itself focused expressly on the total contrast between what is at issue in this case--CRs or their equivalent--and the personal evaluations involved in <u>Copley Press</u>. Here is what <u>Gekas</u>, 2009 WL 2185509, at *8 (emphasis added) said on that subject:

> <u>Unlike a performance evaluation</u>, the Division's records are not generated for Gillette's personal use, and they do not concern his personal affairs. What he does in his capacity as a deputy sheriff is not his private business. Whether he used excessive force or otherwise committed misconduct during an investigation or arrest is not his private business. Internal-affairs files that scrutinize what a police officer did by the authority of his or her badge do not have the personal connotations of an employment application, a tax form, or a request for medical leave. Not every scrap of paper that enters a personnel file necessarily is personal information.

In sum, <u>Copley Press</u> does not call for any dilution or other modification of this Court's oral ruling. It stands as rendered.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 14, 2009

3