```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

NOEL PADILLA, et al.,            )
                                 )
            Plaintiffs,          )
                                 )
    v.                           )     No.  06 C 5462
                                 )
CITY OF CHICAGO, et al.,         )
                                 )
            Defendants.          )

## MEMORANDUM ORDER

On June 20, 2012 plaintiffs filed a motion for partial summary judgment together with numerous supporting documents. Defendants claimed that ten of those documents were covered by protective orders and thus should have been filed under seal, absent permission from this Court to file the documents unsealed. On June 27, 2012 this Court issued an agreed order placing the ten documents under seal with the understanding that plaintiffs could file a motion to unseal if they were so inclined.

Plaintiffs have filed such a motion asking that these documents be unsealed:

    1. Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment (Dkt. 497-1)

    2. Plaintiffs' Local Rule 56.1(a)(3) Statement of Facts (Dkt. 497-2)

    3. Daily Assignment and Activity Report (Dkt. 497-5)

    4. Defendant Markiewicz's Answer to Plaintiffs' Second Amended Complaint (Dkt. 497-6)

    5. Vice Case Report (Dkt. 497-7)

      6.   Defendant Herrera's Answer to Plaintiffs' First Amended Complaint (Dkt. 497-15)

      7.   Defendant Hopkins' Answer to Plaintiffs' Second Amended Complaint (Dkt. 497-16)

      8.   Defendant City of Chicago's Answer to Plaintiffs' Second Amended Complaint (Dkt. 497-17)

      9.   Declaration of Jerome Finnigan (Dkt. 497-20)

      10.   Dr. Whitman's Expert Report (Dkt. 497-32)

Defendants do not object to the unsealing of documents 3 through 8. Those documents will therefore be unsealed without further discussion.

Defendants do object, however, to the unsealing of Dr. Whitman's Expert Report and the Declaration of Jerome Finnigan. As defendants correctly point out, both of those documents relate only to plaintiffs' Monell-type claim against the City of Chicago, which has been mooted by the City's certification of indemnification (Dkt. No. 564) and Monell certification (Dkt. No. 582). Because those documents are also no longer relevant to plaintiffs' lawsuit, plaintiffs' motion to unseal documents 9 and 10 has likewise been rendered moot. Their motion to unseal those documents is therefore denied on that ground.

As to plaintiffs' memorandum in support of their motion for partial summary judgment and their Local Rule 56.1 Statement of Facts (documents 1 and 2 in the above listing), defendants argue that those documents contain material that should not be made

public, including references to the Dr. Whitman report and the Finnigan declaration discussed in the preceding paragraph as well as other unspecified documents that are under seal. Plaintiffs maintain that no material contained within the memorandum and statement of facts must remain confidential, but that even if such questioned material is included the solution ought to be the use of appropriate redactions as opposed to wholesale exclusion of the documents at issue.

Plaintiffs are clearly right in contending that the inclusion of a few references to confidential material should not prevent the complete removal of plaintiffs' facts and arguments from public view. Because Dr. Whitman's Report and the Finnigan declaration are irrelevant to the remaining issues in this case, references in documents 1 and 2 to those materials and to other materials that are kept under seal will be redacted upon defense counsel's submission of proposed redactions that will leave the balance of those documents a matter of public record. This is in conformity with our Court of Appeals' strongly stated and often repeated principle that the norm for litigation documents is their public accessibility (see, e.g., <u>Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.</u>, 178 F.3d 943, 944-46 (7th Cir. 1999)).

In sum, plaintiffs' motion to unseal the entirety of documents 1 and 2 is denied for the present. Defendants are

3

granted leave to submit a suitably redacted version of documents 1 and 2, omitting only what must remain outside of public view, on or before April 24, 2013. If they fail to do so, the entirety of documents 1 and 2 will be unsealed upon a motion from plaintiffs to that effect. If however defendants submit a timely proposed redacted version of those documents, plaintiffs will be given an opportunity to respond before either document is unsealed.

## Conclusion

In terms of the documents as numbered in the second paragraph of this memorandum order, plaintiffs' motion to unseal is granted as to documents 3 through 8, denied as to documents 9 and 10 and denied for the present as to documents 1 and 2. Because this memorandum order and this Court's lengthy memorandum opinion and order issued on March 26 have dealt with all pending motions, a status hearing is set for 9 a.m. April 10, 2013 to discuss further proceedings in this action.

_____
  Milton I. Shadur
  Senior United States District Judge

Date:  March 27, 2013