IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOEL PADILLA, SOCORRO PADILLA, LOURDES PADILLA, IRENE SANTIAGO, and ERLING JOHNSON, | No. 06 C 5462 |
| Plaintiffs, | Judge Milton I. Shadur |
| v. | |
| CITY OF CHICAGO, et. al., | |
| Defendants. | JURY TRIAL DEMANDED |

## FINAL PRETRIAL ORDER

Pursuant to this Court's order, this modified pretrial order consists of the following: the parties' statements of their case to be presented at trial, stipulations of facts, exhibit lists with objections, witness lists with objections and lists of motions of motions *in limine*.

A. Statements of the Case –

**Plaintiffs' Statement of Their Case To Be Presented at Trial:**

This Court has already found on summary judgment that the five Individual Defendants falsely arrested Noel Padilla, that Defendants Herrera and Del Bosque maliciously prosecuted him, and that Defendants Herrera and Zogg illegally searched the home of Soccoro and Lourdes Padilla. The remaining issues for the jury are: (1) whether the five Defendants conspired to illegally search the home of Plaintiffs Irene Santiago and Erling Johnson; (2) the amount of damages required to compensate Plaintiffs for their harm that they suffered; and (3) the Individual Defendants' liability for punitive damages.[1]

---

[1] To streamline the trial, Plaintiffs have agreed to stay Plaintiff Noel Padilla's claim against all Defendants for intentional infliction of emotional distress, and Plaintiffs Soccoro and Lourdes Padilla's Fourth Amendment claim for the illegal search of their home against Defendants Del Bosque, Markiewicz, and Hopkins. The successful trial of these intentional infliction and illegal search claims would not result in additional damages beyond those from claims that have already been established. Moreover, because the City has accepted liability and guaranteed payment for damages and fees related to the illegal search claims against Defendants Herrera and Zogg, it is unnecessary to establish the liability of additional Individual Defendants at trial.

Plaintiff Noel Padilla will establish his compensatory damages claim through his own testimony, as well as that of his family members (co-Plaintiffs) and his former criminal defense attorney, Ziad Alnaqib. This evidence will relate to both the events on the day of his arrest, his experience being wrongfully incarcerated at Cook County Jail for nearly a year and the repercussions on his life since his release.

Plaintiffs Lourdes and Soccoro Padilla will establish their compensatory damages claims through their own testimony, as well as that of their family members (co-Plaintiffs).

Plaintiffs' evidence of Defendants' conspiracy to illegally search the home of Irene Santiago and Erling Johnson largely overlaps with the evidence that Plaintiffs will present to establish their punitive damages claims. Plaintiffs intend to prove that Defendants abused them pursuant to their conspiracy with each other and fellow CPD Special Operations Section Officers to target vulnerable individuals for false arrest, illegal search, malicious prosecution, and robbery, and then cover up their abuse. Defendants agreed to violate Plaintiffs' rights and were motivated to do so by their desire to rob Plaintiffs and their belief that they could do so with impunity. Plaintiffs will establish their claims by proving Defendants' joint plan, agreement, and specific intent to illegally search Plaintiffs' home; their malicious intent; their reckless and callous indifference to Plaintiffs' rights and safety; and the amount of punitive damages appropriate to punish Defendants and deter them and others from committing similar abuse.

In response to the Court's suggestion, Plaintiffs significantly paired down the amount of evidence to support their conspiracy and punitive damage claims in proportion to their relative importance to the proof of compensatory damages. Plaintiffs eliminated nine of ten "other victims" witnesses whom they originally indicated that they may call. In addition, Plaintiffs limit evidence of impunity to Defendants' own admissions and Fifth Amendment assertions and the narrowly tailored testimony from Dr. Steven Whitman. With these principles in mind:

Plaintiffs Irene Santiago and Erling Johnson will establish their claims that the five individual defendants conspired to illegally search their homes through the following evidence:

1) Their own testimony as well as that of their co-Plaintiffs regarding the events of the day of the search.

2) Defendants' related criminal convictions, guilty pleas, and admissions describing their conspiracy including a "standard procedure" within their team of conducting illegal searches and falsifying reports.

3) Defendants' assertions that they refuse to answer questions about their conspiracy and their illegal search of Plaintiffs' home on the grounds that their answers would incriminate them.

4) The testimony of one other victim of Defendants' conspiracy, Miguel Melesio. After Defendants stopped and arrested Mr. Melesio without probable cause they drove him to his home where they conducted an illegal search to which they similarly gained entry by trickery and deceit.

2

> Defendants Herrera and Hopkins have admitted to the criminal misconduct against Mr. Melesio.

To establish their punitive damages claims, Plaintiffs will offer the following evidence:

> 1) Their own testimony as well as that of their co-Plaintiffs regarding the events of the day of the arrest and searches.
>
> 2) Defendants' related criminal convictions, guilty pleas, and admissions describing their conspiracy, including admissions to a "standard procedure" within their team of targeting vulnerable individuals for false arrest, illegal search of their bodies and homes, malicious prosecution, and robbery, and covering up their abuse.
>
> 3) Defendants' admissions and invocations of their Fifth Amendment privilege in response to questions about their belief that they could abuse Plaintiffs with impunity, including their knowledge that their supervisors and fellow S.O.S. would shield them from any discipline.
>
> 4) Limited testimony of opinion witness, Dr. Steven Whitman, an expert in mathematics and statistics, who analyzed Defendants' and their SOS teammates' disciplinary complaints in the years leading up to Defendants' abuse of Plaintiffs. He will testify that despite receiving far more complaints than other police officers for precisely the kinds of abuse they inflicted on Plaintiffs, Defendants had never been disciplined for a single instance of false arrest, illegal search, robbery, theft, or extortion. He will testify that at the time of Defendants' abuse of Plaintiffs, the probability was less than one in a thousand that the Defendants and their SOS team members would be disciplined in response to a civilian complaint of having committed the kinds of misconduct that Defendants perpetrated in this case. Dr. Whitman's findings, coupled with the Defendants' Fifth Amendment assertions, are powerful evidence from which the jury may infer Defendants' knowledge of their impunity.

**DEFENDANTS' OBJECTION:**

> Defendants' object to the use of any 404(b) evidence, "standard procedure" evidence and Dr. Steven Whitman as not relevant to any conspiracy claim or punitive damages and, even if marginally relevant, because its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury and undue delay. FRE 403.

3

B. The following stipulations and agreed statements were submitted and made a part of this Order:

Plaintiffs' proposed "stipulations" or established facts:

1. On October 15, 2005, Defendants Keith Herrera, Stephen Del Bosque, Margaret Hopkins, Paul Zogg and Donovan Markiewicz (Defendant Officers) were Chicago Police Officers assigned to the Special Operations Section ("SOS").

2. On October 15, 2005, Defendants were on duty, working beat numbers 4472 and 4473, from 9:00 a.m. to 5:30 p.m.

3. Defendants Herrera, Del Bosque, and Markiewicz were assigned to one police car and Defendants Hopkins and Zogg were assigned to another police car.

4. The Court has previously determined that Defendants Herrera, Del Bosque, Markiewicz, Hopkins, and Zogg falsely arrested Mr. Padilla in violation of the Fourth Amendment of the United States Constitution. This means that the Defendants arrested Mr. Padilla without having any probable cause that he had committed a crime. (Docket 591, SJ Op. 25-26).

5. Defendants arrested Plaintiff Noel Padilla at 2336 North Keeler Avenue, Chicago, Illinois.

6. Defendants drove Noel in handcuffs to an alley near the intersection of Diversey Ave. and Pulaski Rd. in Chicago. (SJ. Op. 6).

7. The alley is an approximately one-mile drive from 2336 North Keeler Avenue, Chicago, Illinois.

8. Defendants drove Noel in handcuffs to 4305 North Francisco Avenue, in Chicago, the home of Irene Santiago and Erling Johnson. (SJ Op. 7).

9. 4305 North Francisco Avenue is an approximately 3.5-mile drive from the alley near Diversey and Pulaski.

10. Some of the Defendants entered and searched the home of Irene Santiago and Erling Johnson.

11. Defendants did not have a search warrant or probable cause to believe that there was any evidence of illegal activity in the home of Irene Santiago and Erling Johnson. (SJ Op. 7-8).

4

12. Defendants found no money or evidence of criminal activity in the home of Irene Santiago and Erling Johnson.

13. Defendants drove Noel to 2258 West 35th Street in Chicago, the home of Lourdes and Socorro Padilla. (SJ Op. 8).

14. 2258 West 35th St., Chicago, is an approximately 11-mile drive from 4305 N. Francisco Ave., Chicago.

15. Defendants Herrera, Zogg, and a third Defendant searched the Padillas' home.

16. This Court has previously determined that Defendants Herrera and Zogg illegally searched the home of Lourdes and Soccoro Padilla in violation of their rights under the Fourth Amendment to the United States Constitution. This means that the Defendants searched the Padillas' home without a warrant or any other lawful justification. (SJ Op. 8-9, 30-32).

17. Defendants found no money or evidence of illegal activity in the home of Soccoro and Lourdes Padilla.

18. Defendants drove Noel to the police station located at 5555 W. Grand Avenue in Chicago. (SJ Op. 9).

19. The police station is an approximately ten-mile drive from the Padillas' home at 2258 W. 35th St.

20. Defendants Herrera and Del Bosque each filled out police reports accusing Noel of a crime. (SJ Op. 9).

21. Defendant Herrera signed a criminal complaint against Plaintiff Noel Padilla, which initiated criminal proceedings against him. (SJ Op. 9).

22. Noel remained in Cook County Jail from October 15, 2005 through July 19, 2006.

23. The Cook County prosecutors determined that they lacked any credible evidence to support the criminal charge against Noel, and dismissed his case on September 15, 2006. (SJ Op. 38-40).

24. Noel spent a total of 278 days in Cook County Jail before his case was dismissed.

25. The Court has previously determined that Defendants Herrera and Del Bosque maliciously prosecuted Mr. Padilla in violation of Illinois law.

5

> This means that Defendants caused a criminal proceeding to be commenced against Mr. Padilla without any probable cause; that Defendants acted with malice; and that the charges were dismissed in a manner consistent with Plaintiff's innocence. (SJ Op. 37-41).

26. On April 19, 2011, Defendant Herrera pled guilty in federal court to participating in the Special Operation Section's "standard procedure... to unlawfully stop and detain people, to exercise unlawful searches, and to take money from people when the opportunity arose. If the opportunity didn't arise, they would use the unlawfully obtained evidence to cause people to be charged, and then later prepare false police reports and testify falsely in the grand jury and in state court" as well as "provide false statements to the internal affairs division of the Chicago Police Department to cover up" their criminal activity. *Ex.22 to PSOF, Transcript of Def. Herrera's Guilty Plea pp. 23:21–27:2: 10.*

27. On September 18, 2009, Defendant Markiewicz pled guilty in Cook County Criminal Court to official misconduct, including participating with several other Chicago police officers in SOS since 2002, in a pattern of false arrests and illegal searches, false police reports, false testimony before a grand jury, and depriving individuals of their money without due process of law. *Ex. 27 to PSOF, Transcript of the Guilty Plea of Def. Markiewicz, pp. 51:13–60:20; Ex. 28, People v. Markiewicz 09-CR-16415, Certified Statement of Disposition; Ex. 38, Order of Commitment and Sentence of Markiewicz September 21, 2009.*

28. On September 23, 2009, Defendant Hopkins also pled guilty in Cook County Criminal Court to official misconduct while a member of the Chicago Police Department's SOS, including performing false arrests and unlawful searches, filing false police reports, and coordinating with her sergeant and lieutenant to cover up these crimes. *Ex. 29 to PSOF, Transcript of the Guilty Plea of Def. Hopkins pp. 9:15–21:1.*

29. On April 18, 2011, Defendant Del Bosque pled guilty in federal court to unlawfully charging and detaining a person by arresting him without probable cause or warrant, unlawfully searching his residence, preparing a false police report to justify the search and subsequent arrest, and testifying falsely before a grand jury. *Ex. 24 to PSOF, Plea Agreement of Def. Del Bosque ¶ 5–6; Ex. 25, Transcript of Def. Del Bosque's Guilty Plea pp. pp. 9:15–21:1.*

30. Plaintiffs' Exhibit 25 is a true and accurate copy of Defendant Herrera's guilty plea agreement with the United States Attorney of April 19, 2011, signed by Defendant Keith Herrera.

31. Plaintiffs' Exhibit 26 is a true and accurate copy of the official court transcript of federal court proceedings of April 19, 2011, containing

6

      Defendant Herrera's sworn testimony pleading guilty to civil rights violations.

32. Plaintiffs' Exhibit 27 is a true and accurate copy of Defendant Del Bosque's guilty plea agreement with the United States Attorney of April 18, 2011, signed by Defendant Stephen Del Bosque.

33. Plaintiffs' Exhibit 28 is a true and accurate copy of the official court transcript of federal court proceedings of April 18, 2011, containing Defendant Del Bosque's sworn testimony pleading guilty to civil rights violations.

34. Plaintiffs' Exhibit 29 is a true and accurate copy of the official court transcript of Illinois court proceedings of September 18, 2009, containing Defendant Markiewicz's sworn testimony pleading guilty to official misconduct.

35. Plaintiffs' Exhibit 30 is a true and accurate copy of the official court transcript of Illinois court proceedings of September 23, 2009, containing Defendant Hopkins' sworn testimony pleading guilty to official misconduct.

Defendants' proposed "stipulations" or established facts:

1. On October 15, 2005, Defendants Keith Herrera, Stephen Del Bosque, Margaret Hopkins, Paul Zogg and Donovan Markiewicz (Defendant Officers) were Chicago Police Officers assigned to the Special Operations Section ("SOS").

2. On October 15, 2005, Defendants were on duty, working beat numbers 4472 and 4473, from 9:00 a.m. to 5:30 p.m.

3. Defendants Herrera, Del Bosque, and Markiewicz were assigned to one police car and Defendants Hopkins and Zogg were assigned to another police car.

4. The Court has previously determined that Defendants Herrera, Del Bosque, Markiewicz, Hopkins, and Zogg falsely arrested Mr. Padilla in violation of the Fourth Amendment of the United States Constitution.

5. Defendants arrested Plaintiff Noel Padilla at 2336 North Keeler Avenue, Chicago, Illinois.

6. Some of the Defendants entered and searched the home of Irene Santiago and Erling Johnson.

7

7. Defendants Herrera, Zogg, and a third Defendant searched the Padillas' home.

8. This Court has previously determined that Defendants Herrera and Zogg illegally searched the home of Lourdes and Soccoro Padilla in violation of their rights under the Fourth Amendment to the United States Constitution.

9. Noel remained in Cook County Jail from October 15, 2005 through July 19, 2006.

10. The Court has previously determined that Defendants Herrera and Del Bosque maliciously prosecuted Mr. Padilla in violation of Illinois law.

C. SCHEDULE OF EXHIBITS:

The following exhibits were offered by Plaintiffs for admission and objected to by Defendants as follows: [2]

| PLAINTIFF EX. # | DESCRIPTION | DEFENDANTS OBJECTIONS |
|---|---|---|
| Pl. Exh. 1. | Letters from Noel Padilla to Ziad Alnaqib, bates no. PL00001-3: | FRE 402 – Relevancy, FRE 802 – Hearsay. |
|  | (a) April 14, 2006 |  |
|  | (c) May 21, 2006 |  |
|  | (d) June 27, 2006. |  |
| Pl. Exh. 2. | Photos of Julian Padilla, bates P3740-56. | FRE 402 – Relevancy, FRE 403 – Unfairly prejudicial |
| Pl. Exh. 3. | Defendants' Answers to Plaintiffs' First Set of Requests for Admission, Nos. 1-16. | Answers should be limited to search only, all other answers are not relevant |
| Pl. Exh. 4. | Defendants' Answers to Plaintiffs' Second Set of Requests for Admission. | Answers should be limited to search only, all other answers are not relevant |
| Pl. Exh. 5. | Defendant Herrera's deposition transcript. | FRE 402 – Relevancy (*See also* Defendants' Motion *in limine*) |
| Pl. Exh. 6. | Defendant DelBosque's deposition transcript. | FRE 402 – Relevancy (*See also* Defendants' Motion *in limine*) |

---

[2] Plaintiffs reserve the right to introduce into evidence any of the exhibits listed by Defendants for which Plaintiffs' objections are overruled or waived.

| | | |
|---|---|---|
| Pl. Exh. 7. | Defendant Hopkins' deposition transcript. | FRE 402 – Relevancy (*See also* Defendants' Motion *in limine*) |
| Pl. Exh. 8. | Defendant Zogg's deposition transcript. | FRE 402 – Relevancy (*See also* Defendants' Motion *in limine*) |
| Pl. Exh. 9. | Defendant Markiewicz's deposition transcript. | FRE 402 – Relevancy (*See also* Defendants' Motion *in limine*) |
| Pl. Exh. 10. | Certified Statement of Conviction, *United States v. Herrera,* No. 07-CR-634. | FRE 402 – Relevancy, FRE 403 – Unfairly prejudicial (*See also* Defendants' Motion *in limine*) |
| Pl. Exh. 11. | Certified Statement of Conviction, *United States v. DelBosque,* No. 11 CR 274. | FRE 402 – Relevancy, FRE 403 – Unfairly prejudicial (*See also* Defendants' Motion *in limine*) |
| Pl. Exh. 12. | Certified Statement of Conviction, *People v. Markiewicz, et al.,* No. 09 CR 16416. | FRE 402 – Relevancy, FRE 403 – Unfairly Prejudicial (*See also* Defendants' Motion *in limine*) |
| Pl. Exh. 13. | Certified Statement of Conviction, *People v. Hopkins,* No. 07 CR 3152. | FRE 402 – Relevancy, FRE 403 – Unfairly Prejudicial (*See also* Defendants' Motion *in limine*) |
| Pl. Exh. 14. | *United States v. Herrera,* No. 07-CR-634, Plea Agreement 4/19/11. | FRE 402 – Relevancy, FRE 403 – Unfairly Prejudicial, FRE 802 – Hearsay (*See also* Defendants' Motion *in limine*) |
| Pl. Exh. 15. | *United States v. Herrera,* No. 07-CR-634, transcript of proceedings (plea hearing) 4/19/11. | FRE 402 – Relevancy, FRE 403 – Unfairly prejudicial, FRE 802 – Hearsay (*See also* Defendants' Motion *in limine*) |
| Pl. Exh. 16. | *United States v. DelBosque,* No. 11 CR 274, Plea Agreement, 4/18/11. | FRE 402 – Relevancy, FRE 403 – Unfairly prejudicial, FRE 802 – Hearsay (*See also* Defendants' Motion *in limine*) |
| Pl. Exh. 17. | *United States v. DelBosque,* No. 11 CR 274, transcript of plea hearing, 4/18/11. | FRE 402 – Relevancy, FRE 403 – Unfairly prejudicial, FRE 802 – Hearsay (*See also* Defendants' Motion *in limine*) |
| Pl. Exh. 18. | *People v. Markiewicz, et al.,* No. 09 CR 16416, transcript of plea hearing, 9/18/09. | FRE 402 – Relevancy, FRE 403 – Unfairly prejudicial, FRE 802 – Hearsay (*See also* Defendants' Motion *in limine*) |
| Pl. Exh. 19. | *People v. Hopkins,* No. 07 CR 3152, transcript of plea hearing, 9/23/09. | FRE 402 – Relevancy, FRE 403 – Unfairly prejudicial, FRE 802 – Hearsay (*See also* Defendants' Motion *in limine*) |
| Pl. Exh. 20. | Dr. Whitman's CV/resume. | FRE 402 – Relevancy, *See also* |

|  |  | Defendants' Motion *in limine* |
|---|---|---|
| Pl. Exh. 21. | Kristi Allgood CV/resume. | FRE 402 – Relevancy, *See also* Defendants' Motion *in limine* |
| Pl. Exh. 22. | Whitman Table 5.2: Number of Complaints of Interest Among CPD Officers in the SOS unit by Year, Chicago Police Department, January 1, 2000 through December 31, 2005. | FRE 402 – Relevancy (*See also* Defendants' Motion *in limine*) |
| Pl. Exh. 23. | Whitman Table 5.8: Complaints of Interest Filed Against the Defendants. | FRE 402 – Relevancy (*See also* Defendants' Motion *in limine*) |
| Pl. Exh. 24. | Whitman Figure 5.2: Distribution of Complaints of Interest by Percent CPOs, Chicago Police Department, January 1, 2000 – December 31, 2005. | FRE 402 – Relevancy (*See also* Defendants' Motion *in limine*) |
| **MARKED FOR IDENTIFICATION ONLY** | | |
| Pl. Exh. 25. | Attorney Ziad's criminal case file. |  |
| Pl. Exh. 26. | Dr. Whitman's Report. | FRE 402 – Relevancy (*See also* Defendants' Motion *in limine*) |
| **PLAINTIFFS' DEMONSTRATIVE EXHIBITS** | | |
| Pl. Exh. 27. | Map/demonstration of driving route through Delorme Street Atlas Mapping Software. | FRE 402 - Relevancy |
| Pl. Exh. 28. | Photos of Cook County Jail cell and booking area. | Foundation, FRE 403 – Unfairly prejudicial, Not disclosed in discovery |
| Pl. Exh. 29. | Photos of Alvarado home. | Foundation, FRE 402 – Relevancy, Not disclosed in discovery |
| Pl. Exh. 30. | Photos of Padilla home. | Foundation, FRE 402 – Relevancy, Not disclosed in discovery |
| Pl. Exh. 31. | Photos of Santiago home. | Foundation, FRE 402 – Relevancy, Not disclosed in discovery |
| Pl. Exh. 32. | Noel Demonstrative of Cook County Jail Cell (showing size of cell during testimony). | Defendants reserve the right to object at the time of trial |
| Pl. Exh. 33. | City of Chicago Map/Timeline. | Not disclosed in discovery or even at the time of filing the FPTO |
| Pl. Exh. 34. | Demonstrative exhibits for closing arguments based upon trial evidence. | Defendants reserve the right to object at the time of trial |
| Pl. Exh. 35. | SOS CR Sustained Rate Graph | FRE 402 – Relevancy, FRE 403 – Unfairly prejudicial, Not disclosed in discovery |
| Pl. Exh. 36. | Defendant Officers CR Sustained Rate Graph. | FRE 402 – Relevancy, FRE 403 – Unfairly prejudicial, Not disclosed in discovery |
| Pl. Exh. 37. | Defendant Officers CR Totals Compared to CPD Graph. | FRE 402 – Relevancy, FRE 403 – Unfairly prejudicial, Not disclosed in |

| | | discovery |
|---|---|---|
| Pl. Exh. 38. | Defendant Officers CR Totals Graph. | FRE 402 – Relevancy, FRE 403 – Unfairly prejudicial, Not disclosed in discovery |

**The following Exhibits are offered by Defendants for admission and objected to by Plaintiffs as follows:[3]**

| DEFENDANT EX # | DESCRIPTION | PLAINTIFFS' OBJECTIONS |
|---|---|---|
| Def Exh. 1. | Plaintiffs' Complaint | The Complaint should not be submitted in its entirety because: (1) it includes withdrawn claims and (2) attempts to impeach by omission are misleading. |
| Def. Exh. 2. | Plaintiffs' First Amended Complaint | The Complaint should not be submitted in its entirety because: (1) it includes withdrawn claims and (2) attempts to impeach by omission are misleading. |
| Def. Exh. 3. | Plaintiffs' Second Amended Complaint | The Complaint should not be submitted in its entirety because: (1) it includes withdrawn claims and (2) attempts to impeach by omission are misleading. |
| Def. Exh. 4. | Certified Statement of Conviction, *People v. Padilla*, no. 2002-CR-16395 | Irrelevant and unfairly prejudicial – FRE 401, 402, 403. By trial, will be more than 10 years old – FRE 609(b); |
| Def. Exh. 5. | Certified Statement of Conviction, *People v. Padilla*, no. 1999-CR-13978 | More than 10 years old – FRE 609(b); irrelevant and unfairly prejudicial – FRE 401, 402, 403. |
| Def. Exh. 6. | General Offense Case Report date 11/13/08 for battery, B022266-67 | Inadmissible bad act allegation – FRE 404; irrelevant and unfairly prejudicial – FRE 401, 402, 403; hearsay – FRE 802. |
| Def. Exh. 7. | Arrest Report of Noel Padilla on 11/13/08, B022268-72 | Inadmissible bad act allegation – FRE 404; irrelevant and unfairly prejudicial – FRE 401, 402, 403; hearsay – FRE 802. |
| Def. Exh. 8. | Plaintiff Noel Padilla's Response to Defendant Zogg's First Set of Interrogatories to Plaintiff | Not relevant – FRE 402; portions are also confusing and unduly prejudicial – FRE 403. |
| Def. Exh. 9. | Plaintiffs' Combined Response to Defendant City of Chicago's First Set of Interrogatories to Plaintiffs | Plaintiffs' social security numbers should be redacted. |
| Def. Exh. 10. | Plaintiff Noel Padilla's Response to | Not relevant – FRE 402; portions are |

---

[3] Defendants reserve the right to introduce into evidence any of the exhibits listed by Plaintiffs for which Defendants' objections are overruled or waived.

|  | Defendant Del Bosque's First Set of Contention Interrogatories | also confusing and unduly prejudicial – FRE 403. If admitted, attorneys' legal objections and references to withdrawn or dismissed claims should be removed. |
|---|---|---|
| Def. Exh. 11. | Plaintiff Noel Padilla's Second Amended Response to Defendant Del Bosque's First Set of Contention Interrogatories to Plaintiffs | Not relevant – FRE 402; portions are also confusing and unduly prejudicial – FRE 403. If admitted, attorneys' legal objections and references to withdrawn or dismissed claims should be removed. |
| Def. Exh. 12. | Plaintiff Irene Santiago's Second Amended Response to Defendant Del Bosque's First Set of Contention Interrogatories to Plaintiff | Not relevant – FRE 402; portions are also confusing and unduly prejudicial – FRE 403. If admitted, attorneys' legal objections and references to withdrawn or dismissed claims should be removed. |
| Def. Exh. 13. | Plaintiff Irene Santiago's First Amended Response to Defendant Del Bosque's First Set of Contention Interrogatories to Plaintiff | Not relevant – FRE 402; portions are also confusing and unduly prejudicial – FRE 403. If admitted, attorneys' legal objections and references to withdrawn or dismissed claims should be removed. |
| Def. Exh. 14. | Plaintiff Irene Santiago's First Amended Response to Defendant Del Bosque's First Set of Contention Interrogatories to Plaintiff. | Not relevant – FRE 402; portions are also confusing and unduly prejudicial – FRE 403. If admitted, attorneys' legal objections and references to withdrawn or dismissed claims should be removed. |
| Def. Exh. 15. | Plaintiff Irene Santiago's Response to Defendant Zogg's First Set of Interrogatories to Plaintiff. | Not relevant – FRE 402; portions are also confusing and unduly prejudicial – FRE 403. |
| Def. Exh. 16. | Plaintiff Lourdes Padilla's Second Amended Response to Defendant Del Bosque's First Set of Interrogatories to Plaintiff. | Not relevant – FRE 402; portions are also confusing and unduly prejudicial – FRE 403. If admitted, attorneys' legal objections and references to withdrawn or dismissed claims should be removed. |
| Def. Exh. 17. | Plaintiff Lourdes Padilla's Response to Defendant Del Bosque's First Set of Contention Interrogatories. | Not relevant – FRE 402; portions are also confusing and unduly prejudicial – FRE 403. If admitted, attorneys' legal objections and references to withdrawn or dismissed claims should be removed. |
| Def. Exh. 18. | Plaintiff Lourdes Padilla's Response to Defendant Zogg's First Set of Interrogatories to Plaintiff. | Not relevant – FRE 402; portions are also confusing and unduly prejudicial – FRE 403. |
| Def. Exh. 19. | Plaintiff Socorro Padilla's Response to Defendant Zogg's First Set of Interrogatories to Plaintiff. | Not relevant – FRE 402; portions are also confusing and unduly prejudicial – FRE 403. |

| Def. Exh. 20. | Plaintiff Erling Johnson's Second Amended Response to Defendant Del Bosque's First Set of Contention Interrogatories to Plaintiffs. | Not relevant – FRE 402; portions are also confusing and unduly prejudicial – FRE 403. If admitted, attorneys' legal objections and references to withdrawn or dismissed claims should be removed. |
|---|---|---|
| Def. Exh. 21. | Plaintiff Erling Johnson's Response to Defendant Del Bosque's First Set of Contention Interrogatories to Plaintiffs. | Not relevant – FRE 402; portions are also confusing and unduly prejudicial – FRE 403. If admitted, attorneys' legal objections and references to withdrawn or dismissed claims should be removed. |
| Def. Exh. 22. | Plaintiff Erling Johnson's Response to Defendant Zogg's First Set of Interrogatories to Plaintiff. | Not relevant – FRE 402; portions are also confusing and unduly prejudicial – FRE 403. |
| Def. Exh. 23 | Affidavit of Noel Padilla, dated May 14, 2012. | |
| Def. Exh. 24 | Plaintiff Noel Padilla's Initial Rule 26(a) disclosures, dated April 30, 2007. | Not relevant – FRE 402. |
| Def. Exh. 25 | Declaration of Forfeiture Addressed to Plaintiff Noel Padilla. | Not relevant – FRE 402. |
| Def. Exh. 26 | Letter from Noel Padilla to attorney Ziad Alnaqib, dated May 21, 2006 (redacted to include only relevant portions). | Objection to redactions, incompleteness. |

D. SCHEDULE OF WITNESSES:

**Plaintiffs' Witness List[4]**

WILL CALL:

    Noel Padilla, Plaintiff

    Irene Santiago, Plaintiff

    Erling Johnson, Plaintiff

    Lourdes Padilla, Plaintiff

    Socorro Padilla, Plaintiff

    Ziad Alnaqib,
    Harrison & Alnaqib, 222 N. LaSalle Street, Chicago, IL

---

[4] Plaintiff reserves the right to call any witnesses listed by Defendants.

    Keith Herrera, Defendant

    Stephen Del Bosque, Defendant

    Margaret Hopkins, Defendant

    Paul Zogg, Defendant

    Donovan Markiewicz, Defendant

MAY CALL:

    Steven Whitman, Statistician

    Kristi Allgood
    (only if needed for foundation for data analyzed by Whitman)

    Miguel Melesio, 4443 W. Haddon, Chicago, IL 60651

    Foundation witnesses for guilty pleas & court transcripts (if necessary):

        Court Reporter Patrick J. Mullen

            *United States v. Herrera,* No. 07-CR-634, transcript of proceedings (plea hearing) dated 4/19/11.

            *United States v. DelBosque,* No. 11 CR 274, transcript of plea hearing, 4/18/11.

        Court Reporter Pamela M. Terry, Circuit Court of Cook County

            *People v. Markiewicz, et al.,* No. 09 CR 16416, transcript of plea hearing, 9/18/09.

        Court Reporter Laurel E. Laudien, Circuit Court of Cook County

            *People v. Hopkins,* No. 07 CR 3152, transcript of plea hearing, 9/23/09

    Foundational witnesses for guilty plea agreements (if necessary):

        Brian Netols, Assistant United States Attorney

        Robert Kuzas, Attorney for Herrera

        James Thompson, Attorney for Del Bosque

Testimony to be read by transcript:

Criminal guilty plea testimony, marked as Plaintiffs' Exhibits 26, 28-30.

Plaintiffs may also read excerpts of Defendants' deposition testimony.

### Defendants' Witness List[5]

MAY CALL:

Plaintiff Noel Padilla

Plaintiff Socorro Padilla

Plaintiff Lourdes Padilla

Plaintiff Irene Santiago

Plaintiff Erling Johnson

Defendant Keith Herrera

Raymond Alvarado
2336 Keeler, Chicago, IL

Vanessa Moreira
2336 N. Keeler, Chicago, IL

Ziad Alnaqib
Harrison & Alnaqib, 222 N. LaSalle Street, Chicago, IL

E. Motions *in Limine:*

### Plaintiffs' Motions *in Limine*:

1. Other arrests and convictions of Plaintiff Noel Padilla.

2. Any suggestion of drug use, including smoking marijuana earlier in the day.

3. Irene Santiago's work history.

---

[5] Defendants reserve the right to call any witnesses listed by Plaintiffs.

15

4. Noel Padilla's prior work history including any applications for or receipt of unemployment compensation and questions regarding income taxes.

5. Noel & Irene's separations (relationship problems).

6. Evidence or argument that Noel Padilla engaged in a drug transaction or possessed cocaine on October 15, 2005, including Defendants' unreliable hearsay reports.

7. Improper argument regarding the meaning of Defendants' assertions of the 5th Amendment.

8. Juror background checks.

9. Defendants' finances (i.e., no pleading poverty).

10. Taxpayer pecuniary argument.

11. Evidence that any Plaintiff or third party witness was involved in a gang.

12. Defense evidence or argument against liability already established on summary judgment.

13. Motion to allow Plaintiffs to present facts that are not genuinely in dispute, established by the Court at summary judgment, and to bar Defendants from contesting those facts at trial.

14. Motion to admit Defendants' convictions and other evidence of Defendants' intent, motive, plan, opportunity, and conspiracy to violate Plaintiffs' constitutional rights.

15. Improper Impeachment of Rule 404(b) witnesses:

   a) <u>Miguel Melesio</u>: residency status.

16. Other trial issues to be raised:

   a) Admission of Defendants' assertions of the Fifth Amendment through trial testimony.

   b) Judicial notice of distances between homes/locations.

   c) Motion to stay Plaintiff Noel Padilla's IIED claim against all Defendants and Plaintiffs Socorro and Lourdes Padilla's search claim against Defendants DelBosque, Markiewicz and Hopkins.

**Defendants' Motions *in Limine*:**

1. Renew motion to permit Defendant Herrera to testify (if this Court were to allow Herrera to testify, Defendant Herrera preserves the right to supplement the FPTO).

2. Bar testimony of expert witnesses Dr. Steven Whitman and Kristi Allgood as irrelevant.

3. Bar testimony of 404(b) witnesses as improper character evidence, unfairly prejudicial and not relevant.

4. Bar evidence of Defendants' criminal convictions as irrelevant and improper under F.R.Evid. 404(b).

5. Bar and exclude any references or argument related to 404(b) witnesses who have previously settled with the City.

6. Bar any improper argument regarding adverse inference or any reference to the Defendants invoking their respective 5th Amendment privilege.

7. Excluding Defendant Herrera, given that all other Defendants have previously invoked, and may continue to invoke, their Fifth Amendment rights when questioned in this case, Plaintiffs should not be permitted to call them as witnesses.

8. Bar any references or argument to SOS officers other than the named defendants, including Caballos bar video.

9. Bar any reference to any undisclosed medical diagnosis or treatment of Plaintiff Noel Padilla.

10. Bar any reference or argument indicating that the Defendants may be indemnified against any judgment in this action.

11. Bar any testimony, evidence, argument or comments regarding other events concerning allegations of police misconduct.

12. Bar any reference or argument regarding "sending a message to the City" with a potentially adverse verdict.

13. Bar any reference to any unrelated complaint register files, complaint histories, or pending legal matters.

14. All non-party witnesses should be excluded from the courtroom during trial testimony.

SUBMITTED BY:

Date:

/s/ Amanda Antholt
**Attorneys for Plaintiffs**
Amanda Antholt
Christopher R. Smith
Smith, Johnson & Antholt LLC
112 South Sangamon Street, 3rd Floor
Chicago, IL 60607
(312)432-0400

/s/ Craig B. Futterman
**Attorney for Plaintiffs**
Craig B. Futterman
Edwin F. Mandel Legal Aid Clinic
University of Chicago Law School
6020 South University Avenue
Chicago, Illinois 60637
(773) 702 – 9611

/s/ GERI LYNN YANOW
**Attorneys for Defendants Del Bosque, Markiewicz, Hopkins, and Zogg**
Geri Lynn Yanow
Jonathan Clark Green
Thomas Aumann
Office of the Corporation Counsel
30 N. LaSalle Street, Suite 1400
Chicago, IL 60602
(312) 744-2837/744-0226

/s/ Eileen Rosen
**Attorney for Defendant Herrera**
Eileen Rosen
Stacy Benjamin
Rock Fusco & Connelly, LLC
321 N. Clark Street #2200
Chicago, IL 60654
(312) 494-1000

Approved and entered
August 1, 2013

Milton I. Shadur
United States District Judge