```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

NOEL PADILLA, et al.,            )
                                 )
            Plaintiffs,          )
                                 )
       v.                        )    No. 06 C 5462
                                 )
CITY OF CHICAGO, et al.,         )
                                 )
            Defendants.          )

### MEMORANDUM OPINION AND ORDER

All parties on both sides of the "v." in this 42 U.S.C. §1983 ("Section 1983") action have filed extensive motions in limine--13 on the plaintiffs' side and 10 on the defendants' side. Although the briefing on defendants' motions has been completed by plaintiffs' September 26, 2013 filing of their responses, that is not the case as to plaintiffs' motions: Not all defendants are represented by the same lawyers, and this Court has granted the unopposed motion of two defendants for an extension of time to respond to one of plaintiffs' motions. Even though matters are made a bit more complicated by the fact that several of plaintiffs' responses refer to and rely on the more extensive treatment set out earlier in some of their own motions, it appears to make sense to address several of defendants' motions (cited "D. Motion --") now, rather than leaving all motions on both sides for future treatment.

For one thing, D. Motion 8 (Dkt. 638) is a totally noncontroversial request to exclude all non-party witnesses from

the courtroom during the opening statements and the testimony of other witnesses. Plaintiffs understandably offer no objection, so Dkt. 638 is granted.

To turn to defendants' sharply contested D. Motion 1 (Dkt. 631), it seeks to bar the testimony of Miguel Melesio ("Melesio") as assertedly irrelevant and inadmissible under Fed. R. Evid. ("Evid. R.") 404(b). That effort on defendants' part, like a good many of defendants' other objections, is based on an unjustifiably constricted view of both relevance and admissibility.

As plaintiffs' response demonstrates at length and in detail, the fact that Melesio does not have personal knowledge of all aspects of defendants' search of his home cannot and should not preclude him from testifying as to matters about which he does have personal knowledge. And most significant, some striking parallels between the Melesio scenario and the current case come well within the scope of evidence tending to support plaintiffs' claim of defendants' asserted conspiracy that forms the gravamen of this action.

Moreover, Evid. R. 403 balancing clearly permits the challenged evidence to come into the case. And if and to the extent that a cautionary instruction about the purposes for which that evidence may be considered needs to be included within the jury instructions, that subject can be addressed during the jury instruction conference. Accordingly Dkt. 631 is denied.

Next, D. Motion 4 (Dkt. 634) seeks to bar any reference to SOS officers other than the named defendants in this action. Only a moment's analysis is needed to recognize the unsoundness of that position, which rests on the fiction that the members of what was a working team of SOS officers functioned independently, something like the watertight compartments that maintain a ship's seaworthiness. Instead the conspiracy charged here surely supports the admissibility of such evidence as nonhearsay under Evid. R. 801(d)(2)(E). On that score plaintiffs' counsel disclaim any "inten[tion] to spend much, if any, time discussing Defendants' teammates"--but they then go on to state with total accuracy:

> [T]he suggestion that any mention of them should be prohibited is a stretch. This motion lacks both common sense rationale and legal basis.

Dkt. 634 is denied.

Next, D. Motion 5 (Dkt. 635) seeks to bar any testimony, evidence, argument or comments as to other allegations of police misconduct. That motion is both overbroad and premature--as this Court said nearly five years ago in another case in which Chicago Police Department defendants advanced a comparable argument:

> Again defense counsel have sought to obtain a bar order in advance of trial on a subject that far better lends itself to consideration in the trial environment. It looks very much as though the motion is one lodged in the Corporation Counsel's Office computer, for this Court's colleague Honorable Ruben Castillo was called on to deal with an identical motion in <u>Charles v. Cotter</u>, 867 F.Supp. 648, 664 (N.D. Ill. 1994). This Court shares Judge Castillo's "unwilling[ness] to muzzle [plaintiff's] counsel at this early phase"

(id.), and it denies the motion (just as Judge Castillo did).

Under the circumstances, what makes sense is to deny Dkt. 635's attempt to obtain a global ruling, while at the same time allowing that issue to be dealt with in the context of the trial itself. This Court so orders.

Defendants' next effort, in D. Motion 6 (Dkt. 636), asks that defendant Keith Herrera ("Herrera") be permitted to withdraw his years-long Fifth Amendment invocation in favor of his testifying in the forthcoming trial. Quite apart from the irreparable prejudice that plaintiffs' assert in their own corresponding Motion 7, that contention impermissibly transmutes Julius Caesar's famous excerpt from De Bello Gallico that "All Gaul is divided into three parts" into a modern description of defendants' position here--"All gall is indivisible."

As the parties are well aware, because Herrera was the target of both state and federal criminal proceedings (the former beginning in 2006 and the latter in 2007), he continuously invoked his Fifth Amendment privilege in this case by refusing to answer portions of the Complaint and written discovery and almost all questions asked during his deposition. Now, with this case just a few days short of its seventh anniversary and at long last ready to be set for trial when the current motions in limine are disposed of, Herrera wants to reverse course, heedless of the fact that plaintiffs' discovery as to Herrera (and perhaps relatedly as to the other defendants as well) was necessarily

inhibited by Herrera's stonewalling (as permissible as it was during the pendency of the criminal proceedings he was facing). To permit Herrera's testimony at this point would essentially allow him to avoid discovery altogether.

That last point brings Harris v. City of Chicago, 266 F.3d 750, 753-54 (7th Cir. 2001)--one of two Seventh Circuit cases sought to be relied on by Herrera--into plaintiffs' camp rather than defendants'. And as for the other case, Evans v. City of Chicago, 513 F.3d 735 (7th Cir. 2008), there both the majority opinion (id. at 743, 746) and Judge Williams' dissent (in its entirety) recognized that "gaming" the system through such tactics would be impermissible. Plaintiffs' response speaks to that subject with total accuracy:

> Defendant Herrera is engaged in a naked attempt to convert his Fifth Amendment privilege from a sword to a shield to gain an unfair advantage at trial. Defendant Herrera has spoken publicly in a self-serving manner to justify his conduct while simultaneously blocking Plaintiffs from conducting any discovery by asserting the Fifth Amendment. He has sought to come off the Fifth only when doing so would give him the advantage. This Court previously denied his attempts to withdraw his Fifth Amendment assertions, and at this stage his request should be similarly rebuffed.

This Court agrees. Dkt. 636 is denied.

In D. Motion 9 (Dkt. 639) defendants advance the contention often repeated in Section 1983 cases that seeks to bar any mention of "sending a message" to the City of Chicago. That contention is more than a bit odd here, for any claim against the City has been eliminated by its indemnification undertaking

suggested and approved by this Court. It has long been settled that no punitive damages may be awarded against a municipality under Section 1983, while punitive damages are of course allowable against individual police officers.[1]

Indeed, an express purpose of punitive damages is "to send a message," albeit not to the City of Chicago--see Instruction 3.13 prepared by the Committee on Pattern Civil Jury Instructions of the Seventh Circuit. As plaintiffs' response reflects, several of this Court's colleagues have rejected the "don't send a message" argument in light of that potential even where the City of Chicago has remained a defendant.

In this Court's view, the better approach is to deny Dkt. 639 as essentially moot, anticipating that the future question of just how the partially permissible "send a message" argument is sought to be presented at trial will be reviewed in the context of the trial itself. This Court so orders.

## Conclusion

Dkt. 631, 634, 636, 635 and 639 (the latter two subject to possible reconsideration at trial) are denied, while Dkt. 638 is granted. As for the rest of defendants' motions, it has earlier been stated that plaintiffs' responses to several of them--D. Motions 2, 3, 7 and 10--have referred to, without repeating, plaintiffs' briefing in support of their own motions.

---

[1] This Court anticipates that subject and its appropriate handling will be discussed during the jury instruction conference.

Accordingly any piecemeal discussion of those motions at this time seems inappropriate, and this Court will deal with them after all of defendants' responses to plaintiffs' motions are in hand.

_____
                        Milton I. Shadur
                        Senior United States District Judge

Date:  October 2, 2013