**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **NOEL PADILLA**, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 06 C 5462 |
| **CITY OF CHICAGO**, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

It has come to this Court's attention, in connection with its preparation for the forthcoming trial of this action, that one of the litigants' numerous motions in limine has inadvertently remained without a ruling for an extended period of time -- the officer defendants' Motion 10 (Dkt. 640), which seeks leave to obtain what are called "criminal background checks" (although such a rap sheet also includes more arrests) of potential jurors. This brief memorandum order corrects that oversight.[1]

As a threshold matter, movants have assured this Court that if the motion were granted they would assure that the parties would function on a level playing field -- that they would make the records, which are readily available to them, open to defense counsel in the same time frame. This Court does not discredit that hopeful assurance, but the fact remains that both the timing and the limited time window that this Court's method of selecting jurors would allow for any

---

[1] It should not be thought that the delay in ruling was ascribable to this Court's perception that the motion was a difficult one -- as the text will reveal, that is not at all the case. Instead it simply reflects the fact that every calendar management system can produce an occasional hiccup.

such procedure would invariably provide defendants with an inappropriate head start on the process.

More importantly, however, this Court's jury selection procedure, which experience has taught is substantially quicker than alternatives practiced by its colleagues, while at the same time satisfying the end goal of producing a fair and impartial jury (though, as the saying goes, not necessarily a "perfect" one -- whatever that is), would be hampered substantially by defendants' proposal. It is unnecessary to describe this Court's procedure in detail, a subject that will be covered in the forthcoming voir dire conference shortly before trial, but the assemblage of prospective jurors from the considerably larger jury pool takes place on the morning of the first trial day, and this Court does not employ a "struck jury" procedure or anything close to it.

In sum, defendants' motion is denied. It should be added, and perhaps should have been mentioned at the outset, that experience has shown that the type of information that such background checks are likely to reveal and that is not voluntarily disclosed by perspective jurors is very rarely encountered -- in short, the game is not worth the candle.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 30, 2014